IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROBERT WHITE**                                                                         **PLAINTIFF**

v.                                                 **No. 3:22CV46-NBB-DAS**

**CORE CIVIC CORPORATION, ET AL.**                                    **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Robert White, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that, during his stay at the Tallahatchie County Correctional Facility, defendant Chaplain Hawkins denied his request for a kosher diet.

The defendants have moved [70] to dismiss the complaint, re-urging their arguments set forth in two motions [3], [39] to dismiss they had filed prior to the transfer of this case to this court from the District of Vermont. The plaintiff has not responded to the instant motion, but he did respond to the two motions [3], [39] filed with the District of Vermont. The court has considered those responses in its decision on the present motion. For the reasons set forth below, the plaintiff's allegations against defendants Baker, Turner, Vergara, Byrd, and CoreCivic will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

The plaintiff's claims for damages against Chaplain Hawkins for violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") will also be dismissed with prejudice for

failure to state a claim upon which relief could be granted. The plaintiff's claims against defendant Hawkins for violation of the right to the free exercise of religion, equal protection of the laws, Chapter One, Article 3 of the Vermont Constitution (religious freedom provisions), Chapter One, Article 7 of the Vermont Constitution (equal protection provisions), and 28 V.S.A. § 803 (inmate free exercise provisions) will, however, move forward.

## Legal Standard for a Motion to Dismiss
## Under Fed. R. Civ. P. 12(b)(6)

The Supreme Court has explained the operation of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotations and citations omitted). A complaint challenged by a Rule 12(b)(6) motion to dismiss need not present detailed factual allegations; however, a plaintiff must provide more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). His factual allegations must be enough to raise a right to relief above mere speculation. *Id.* The statement of facts in the complaint must contain something more than the suspicion of a legally cognizable right of action (while assuming that all the allegations in the complaint are true (even if doubtful in reality)). *Id.*

## Procedural Posture

Robert White sued current Tallahatchie County Correctional Facility ("TCCF") Warden Byrd, former TCCF Warden Vergara, current TCCF Chaplain Hawkins, Vermont Department of Corrections ("VDOC") Commissioner Baker, and VDOC Facilities Operations Manager Turner—all in their individual and official capacities—in Vermont Superior Court. Defendants Baker and Turner ("VDOC Defendants"), as the only served parties at the time, removed the action to the United States District Court for the District of Vermont and filed a motion to dismiss. Doc. 3.

That court then ordered service of CoreCivic Defendants Byrd, Vergara, and Hawkins. Warden Byrd was served at TCCF in Mississippi in his official capacity as the current Warden of TCCF. Warden Vergara, who was Warden of TCCF during times relevant to the complaint, was served at his residence in Florida in his individual capacity. *See* Compl., Doc. 7. Chaplain Hawkins was the TCCF Chaplain during times relevant to the complaint and was properly served at TCCF in Mississippi. *Id*. Those defendants also filed a motion to dismiss. Doc. 39. The District of Vermont granted the motions in part and denied them in part – leaving portions of the motions to be resolved in this court, where venue is proper. Doc. 50. The motions to dismiss were terminated, and the case was ultimately transferred to this court. Doc. 51. The defendants have renewed their previous motions [3], [39] to dismiss, which the court will now address. Doc. 70.

## Factual Allegations

The *relevant* facts the plaintiff set forth in his complaint are sparse. The plaintiff, an inmate in the custody of the Vermont Department of Corrections, was moved sometime in 2020 to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. Doc. 7 at ¶ 13. He had recently converted to Judaism, but did not declare any religion upon arriving at TCCF. *Id.* at ¶ 12. He presented a written request for a kosher diet to comport with his religious practices, but Chaplain

Hawkins refused, stating that "just because you adopted a new faith you do not get a new diet." Doc. 7 at ¶ 13, 14. TCCF routinely provides religious diets to accommodate inmates who follow Judaism and other religions. *Id*. at ¶ 16. The plaintiff did not provide specific dates of his request for a kosher diet; nor did he identify the procedure used at TCCF to request and obtain a religious diet.

The plaintiff first sought relief through verbal communication with various prison staff (case workers and contract monitors); each told him that the issue must be presented to Corrections Corporation of America ("CCA") or TCCF. Doc. 1-1 ¶ 17, 18. He then presented an informal grievance on January 29, 2020, but received no response. Doc. 1-1 at ¶ 19, 20; Doc. 1-3 at 61. He initiated the formal prison grievance process on February 5, 2020, but his grievance was largely ignored. *Id*. at ¶ 19, 20, 24. He did receive a belated response from defendant Turner regarding a March 12, 2020, appeal of the grievance:

> TCCF is not required to follow the VTDOC's directive on religious observance. *You will need to adhere to the process that is in place at TCCF.* Even if you were in Vermont you would be able to change your religious designation only once per year. Your appeal is denied.

Doc. 1-2 at 20 (emphasis added).

### Sovereign Immunity Under the Eleventh Amendment

As a preliminary matter, the plaintiff's claims against all defendants in their official capacities will be dismissed. These defendants, in their official capacities, are merely agents of the state, and the Eleventh Amendment prohibits actions against a state actor without the state's consent. *Brooks v. George County, Mississippi*, 84 F.3d 157, 168 (5th Cir. 1996).

### Defendants Who Had No Personal Involvement

In this case, the plaintiff has alleged personal involvement only as to Chaplain Hawkins – the person who allegedly denied the plaintiff the kosher diet he requested. Doc. 7. He named

Commissioner Baker, Administrator Turner, Warden Byrd[1], and former Warden Vergara because of their supervisory positions. *Id*. He also named CoreCivic as the institution responsible for his alleged injuries. *Id*. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). Nor can a § 1983 plaintiff proceed against a prison official (such as defendant Turner in this case) based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007).

There are only two scenarios in which a supervisor or institution may be held liable under § 1983: (1) by affirmatively participating in the incident, and (2) by implementing an unconstitutional policy that results in constitutional injury.[2] *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

---

[1] Defendant Byrd did not become Warden of the Tallahatchie County Correctional Facility until after the alleged violation occurred.

[2] The plaintiff has not alleged that any defendant implemented a policy that caused the alleged violations. As CoreCivic could only be liable if it implemented such a policy (through a defendant authorized to set policy), the plaintiff's allegations against CoreCivic must also be dismissed for failure to state a constitutional claim.

The plaintiff does not allege that Commissioner Baker, Administrator Turner, Warden Byrd, or former Warden Vergara had any personal involvement or were causally connected to the incident; nor has he alleged that a CoreCivic policy caused his injury. As such, the plaintiff's allegations against these defendants will be dismissed for failure to state a constitutional question.

### No RLUIPA Claim for Damages; Insufficient Record for Injunctive Relief

The plaintiff alleges that the failure to provide him with a kosher diet upon his written request violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA.") RLUIPA prohibits the government from imposing a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "[A] substantial burden exists where the state puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996) (finding a substantial burden where individual is forced "to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion ..., on the other hand"). The burden must be substantial, not *de minimis* (such as intermittently failing to provide food complying with an inmate's religious tenets). *See, e.g., Ford v. McGinnis*, 352 F.3d 582, 594 n.12 (2d Cir. 2003).

RLUIPA does not provide a cause of action for damages against state officials in their individual capacities. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316 (5th Cir. 2009). White's RLUIPA claims for damages will thus be dismissed for failure to state a claim upon which relief could be granted.

White alleges that after he converted to Judaism at TCCF in the beginning of 2020, Chaplain Hawkins denied his written request for a kosher diet. White has not set forth the procedure for

- 6 -

obtaining a religious diet at TCCF – or stated whether he followed that procedure. As set forth above, defendant Turner referred to such a procedure in his response to White's appeal of his grievance. In addition, at this stage of proceedings, the record is insufficient to make the required showing for injunctive relief under RLUIPA. Further, it is unclear whether White is now receiving kosher meals at TCCF. As such, White's request for injunctive relief will be denied, but without prejudice to his ability to seek such relief once the record in this case has sufficiently developed for the court to make an informed decision.

### Matters to Resolve as the Case Moves Forward

Chaplain Hawkins will be the only remaining defendant as this case moves forward as he is the only one who was personally involve in the alleged violation. All of the remaining claims against him hinge on several facts which are not part of the current record. It is undisputed that Chaplain Hawkins denied White's request for a kosher diet. It is unclear, however, whether White followed the prison's procedure for initiating such a request – or, if so, whether the reasons for Hawkins' denial of the kosher diet are sufficient to meet the requirements under the Constitution and RLUIPA.

The case turns, first, on whether White followed the proper procedure in seeking a religious diet. The finder of fact will need to know: (1) Does TCCF have a procedure for requesting a religious diet? and (2) If so, did Robert White follow that procedure?

White, an inmate, has alleged enough facts to show that the defendant's actions have arguably imposed a substantial burden on the exercise of his religion. 42 U.S.C. § 2000cc-1(a)(1)-(2) (RLUIPA). Certainly, Hawkins' refusal to provide a readily available religious diet could place a substantial burden on White's exercise of his religion, as doing so "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996). White is wholly dependent upon the prison to provide his meals; the alleged ongoing

refusal to provide meals comporting with his religious beliefs forces him either to violate those beliefs by eating the forbidden foods – or to forego eating those foods (reducing the calories he consumes from various meals). This is a straightforward example of being forced "to choose between following the precepts of [his] religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of [his] religion ..., on the other hand" *Id*.

At present, the record does not reveal why Chaplain Hawkins denied White's request for a kosher diet. The refusal to provide kosher meals may, however, pass muster under the Constitution and RLUIPA if defendant Hawkins can show that doing so furthers a compelling government interest and does so by the least restrictive means. 42 U.S.C. § 2000cc-1(a)(1)-(2) (RLUIPA). At the current stage of proceedings, the record is silent regarding these matters.

It would also benefit the court to know whether White is presently receiving the kosher diet he has requested – or another diet that would meet the strictures of Judaism. That fact would bear on his request for injunctive relief.

## Conclusion

For the reasons set forth above, the court will grant in part the defendants' motion [70] to dismiss the complaint. All defendants in their official capacities are dismissed, as they are cloaked in sovereign immunity under the Eleventh Amendment. In addition, all of the defendants in their individual capacities, except Chaplain Hawkins, will be dismissed with prejudice for failure to state a claim upon which relief could be granted. The plaintiff's claims for damages under RLUIPA will also be dismissed with prejudice for failure to state a claim, as damages are not an available remedy under that statute. Further, the plaintiff's motion for injunctive relief will be dismissed, as the record is not sufficiently developed to decide that issue.

The plaintiff's claims against defendant Hawkins for violation of the right to the free exercise of religion, equal protection of the laws, Chapter One, Article 3 of the Vermont Constitution (religious freedom provisions), Chapter One, Article 7 of the Vermont Constitution (equal protection provisions), and 28 V.S.A. § 803 (inmate free exercise provisions) will, however, move forward. Finally, the stay the court previously imposed pending the resolution of the instant motion will be lifted, and, by separate order, the court will set deadlines to move the case forward.

**SO ORDERED**, this, the 20th day of July, 2023.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE